UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JILL S. N. SCHAFFER, CALLISSA A. SCHAFFER,<br><br>      Plaintiffs,<br><br> vs.<br><br>BRYAN BERINGER, JACY NELSEN, JESSICA WADE, MARK FOLEY, MATT BETZEN,<br><br>      Defendants. | 4:14-CV-04138-KES<br><br>ORDER DENYING<br>IN PART AND GRANTING IN PART<br>PLAINTIFFS' MOTION<br>TO COMPEL<br>[DOCKET NO. 21] |

## INTRODUCTION

  This matter is before the court on plaintiffs' complaint pursuant to 42 U.S.C. § 1983 alleging that defendants, members of the Vermillion, South Dakota, Police Department, violated plaintiffs' constitutional rights.  See Docket No. 1.  Pending is plaintiffs' motion to compel further initial disclosures from defendants under Federal Rule of Civil Procedure 26(a)(1).  See Docket No. 21.  The district court, the Honorable Karen E. Schreier, referred this motion to this magistrate judge for decision.

## FACTS

  Plaintiffs filed their complaint on September 4, 2014, based on events that occurred on May 30, 2014.  The following recitation of facts is drawn from plaintiffs' complaint and is not meant to lend the court's imprimatur on the

verity of those facts, but merely to provide context for discussion of the instant dispute.

On May 30, 2014, plaintiff Callissa Schaffer was driving a vehicle with two passengers in it, one of whom was the owner of the vehicle. Callissa alleges her two passengers had been drinking and she had not. She alleges she was acting as the designated driver.

A Vermillion police officer stopped the vehicle. Ultimately, Callissa was asked to perform a preliminary breath test ("PBT"), she was frisked, handcuffed, and taken to the Vermillion police department where she was held in a locked area until a search warrant issued authorizing officers to obtain the PBT test from Callissa. After the PBT test was negative, Callissa was released. Plaintiff Jill Schaffer, mother to Callissa and attorney of record for both plaintiffs, states that she was Callissa's attorney and that she was prevented from providing legal advice and assistance to Callissa by defendants.

Plaintiffs allege that the actions of defendants violated their Fourth Amendment right to be free from unreasonable searches and seizures, their Sixth Amendment right to counsel, and their First Amendment rights to free speech and to petition the government. Plaintiffs allege that the Vermillion Police Department failed to properly train and monitor its officers.

On October 9, 2014, counsel for plaintiffs and for defendants held a planning conference pursuant to Fed. R. Civ. P. 26(f). See Docket No. 26. The parties apparently exchanged initial disclosures as required by part (a)(1) of Rule 26.

Plaintiffs, unhappy with the completeness of defendants' initial disclosures, have filed a motion to compel further voluntary initial disclosures without the necessity of serving discovery requests on defendants. See Docket No. 21. The plaintiffs initially sought: (1) a copy of the affidavit in support of the PBT search warrant issued as to Callissa; (2) a copy of the search warrant itself; (3) "copies of Vermillion Police Department policies"; (4) a copy of the city of Vermillion's insurance policy; and (5) true and complete copies of the police videos complete with audios that were created at the time of the events described in the plaintiffs' complaint. Id.

After the initial motion was filed, defendants provided additional documents and tangible things to plaintiffs. See Docket No. 22. The items which are left which plaintiffs dispute are (1) the police video and audio recordings and (2) Vermillion police department policies. See Docket No. 25.

## DISCUSSION

### A.  Good Faith Effort to Resolve Discovery Dispute

Both the Federal Rules of Civil Procedure and this district's local rules of procedure require that parties meet and confer in an attempt to resolve discovery disputes before filing discovery motions. See Fed. R. Civ. P. 37(a)(1); DSD LR 37.1. A certification must be part of any discovery motion and the certification must show that a good-faith effort was made to resolve disputes before filing the motion. Id. Plaintiffs' counsel asserted in her original brief in support of her motion that "Plaintiffs were unable to resolve this issue through mail correspondence with Defense or through in person communication with

3

Defense." Although plaintiffs never averred that they acted in "good faith" as is required by the local rules and Rule 37, defendants do not contest this issue. Accordingly, the court moves on to the merits of the dispute.

**B.     Initial Disclosures Under Rule 26(a)(1)**

The court notes the procedural posture of plaintiffs' motion is that no requests for the production of documents or interrogatories have been served by them on defendants. Rather, plaintiffs rely solely on the voluntary initial disclosures required by Rule 26(a)(1) as their legal authority for their motion. Indeed, plaintiffs' motion is barren and bereft of citation to any legal authority in support of their position other than Rule 26(a)(1). That provision states in pertinent part as follows:

> (a)(1)(A)  *In General.*  Except as exempted by [part B of the rule] or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> 　　* * *
> 　　(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control ***and may use to support its claims or defenses***, unless the use would be solely for impeachment.

See FED. R. CIV. P. 26(a)(1)(A)(ii) (emphasis supplied).

The idea of requiring parties to voluntarily disclose documents at the inception of a lawsuit was first introduced in the Federal Rules of Civil Procedure in 1993. At that time, the provision was made optional, and districts could choose to opt out. The provision required parties to turn over ***all*** information in their possession in their initial disclosures if the information was "relevant to disputed facts alleged with particularity in the pleadings."

4

In 1997, the Federal Judicial Center surveyed districts which implemented the requirement and attorneys who practiced in those districts. Two things became evident as a result of the survey:  (1) there was "vigorous and enduring criticism" of the fact that the provision required attorneys to volunteer evidence that was harmful to their clients without being served with a discovery request for such evidence; and (2) attorneys wanted uniformity in the discovery rules from one federal district court to another.  See generally Charles A. Wright, Arthur R. Miller & Richard L. Marcus, 8A Fed. Practice & Procedure, § 2053 (3d ed. 2010) (hereinafter "Wright & Miller").

Accordingly, when Rule 26 was revised in 2000, it was made mandatory in all federal district courts, creating unanimity.  In addition, the previous rule was modified to require initial voluntary disclosure of only those materials the party doing the disclosing was going to use in support of its claims or defenses—the emphasized language quoted above in Rule 26(a)(1)(A)(ii).  Thus, the requirement that an attorney voluntarily turn over evidence that may harm his or her client without a request from the opposing party was eliminated.[1]  Id. See also FED. R. CIV. P. 26 cmts. to 2000 amendments (amendment to part (a)(1) was made to enact a nationally uniform rule and to restrict a party's voluntary disclosures to that information the party will use to support its own position).  With this information, the court turns to the two remaining items of discovery in dispute.

---

[1] Also eliminated was the requirement that a matter be pleaded "with particularity" before the voluntary disclosure requirement applied.  See FED. R. CIV. P. 26 cmts. to 2000 amendment.

### 1. Video and Audio Recordings

In their initial disclosures, defendants have turned over to plaintiffs an apparently edited version of the video of the events. Plaintiffs want the original videos and the original audio recordings. Here, neither party acknowledges or discusses the standard applicable under Rule 26(a)(1)(A)(ii) for voluntarily disclosing this information. Plaintiffs do not allege that this information is going to be used by defendants to support a claim or defense. Defendants do not deny that they would use the videos in support of a claim or defense.

Although producing a copy of a document or other tangible thing is one way to satisfy the duty to make initial disclosures under Rule 26(a)(1), a party may also simply make a list of such materials and that will satisfy the rule. See 8A Wright & Miller § 2053 at p. 370. See also Fed. R. Civ. P. 26(a)(1)(A)(ii) (stating that a party may simply give "a description by category and location" of the documents or tangible things).

The purpose of Rule 26(a)(1) is not to put the actual document in the opposing party's hands. Rather, "[t]he objective of such a listing is to enable the other parties to make informed decisions about which documents they should request be produced pursuant to [Federal] Rule [of Civil Procedure] 34, and to enable them to frame document requests that will avoid squabbles about wording." See 8A Wright & Miller § 2053 at p. 370.

Certainly, after defendants' initial disclosures plaintiffs now know about the existence of the video and audio recordings. That is all that is required by Rule 26(a)(1). Id. It now remains for plaintiffs to follow up by making requests

to produce these materials under Rule 34.  Because defendants have satisfied their obligations under Rule 26(a)(1), and Rule 26(a)(1) is the sole legal authority relied upon by plaintiffs in making their motion, plaintiffs' motion to compel will be denied as to the police video and audio recordings.

### 2. Vermillion Police Department Policies

Plaintiffs also assert that defendant must turn over "Vermillion Police Department policies."  Defendants object to producing anything on the grounds that the request is too broad and vague.  The court agrees.  The statement of what plaintiffs request is extremely broad.  It could cover training of administrative assistants in computer processing all the way to training of officers in the collection of blood from an unwilling subject.

Furthermore, because plaintiffs rely on Rule 26(a)(1) for their motion, the motion would only be granted to the extent that defendants planned on using the department's policies and procedures to support a claim or defense.  See Fed. R. Civ. P. 26(a)(1)(A)(ii).  Again, neither party has addressed the standard under Rule 26(a)(1).

Finally, in context, it is clear that plaintiffs believe Vermillion police officers handled Callissa's May 30, 2014 detention incorrectly in the context of a suspected incidence of driving while intoxicated.  Therefore, defendants should turn over voluntarily any portion of the Department's policies dealing with how officers should handle DUI stops—assuming that such policies are documents defendants would rely upon to support their own response to plaintiffs' claims or defendants' defenses.

In this regard, it should be noted that the voluntary initial disclosure under Rule 26(a)(1) is closely tied to the exclusionary provision under Fed. R. Civ. P. 37(c)(1). If defendants fail to disclose information at this stage of the proceedings, they will be barred from using that information to later support a motion, at a hearing, or at trial. See FED. R. CIV. P. 37(c)(1). See also FED. R. CIV. P. 26 cmts. to 2000 amendments.

If plaintiffs are dissatisfied with the copies of the department's policies defendants disclose or list, plaintiffs must narrow their request and define with specificity what training policies they wish to receive copies of. Then they must serve a discovery request pursuant to Rule 34 on defendants asking for this discovery.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that plaintiffs' motion to compel [Docket No. 21] is granted in part and denied in part as follows.

- Plaintiffs' request for further production related to video and audio recordings is denied.

- Plaintiff's request for Vermillion Police Department policies, to the extent there are any policies defendants plan to rely upon in responding to plaintiffs' claims or in establishing an affirmative defense, is granted.

- The remainder of plaintiffs' request for department policies is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 16th day of December, 2014.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge